UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Bowling Green Division**

| | |
|---|---|
| Christopher Mooneyham )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>GLA Collection Co., Inc. )<br>    *Defendant* )<br>Serve: )<br>    Michael L. Lynch )<br>    2630 Gleeson Lane )<br>    Louisville, KY 40299 )<br>)<br>CMRE Financial Services, Inc. )<br>    *Defendant* )<br>Serve: )<br>    C T Corporation System )<br>    306 W Main Street )<br>    Suite 512 )<br>    Frankfort, KY 40601 )<br>)<br>Credit Solutions, LLC )<br>    *Defendant* )<br>Serve: )<br>    Christopher K. Kindrick )<br>    2277 Thunderstick Dr. )<br>    Suite 400 )<br>    Lexington, KY 40505 )<br>    )| Case No. 1:14cv-179-GNS |

**COMPLAINT and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action by a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to curb abusive debt collection practices.

2. This case concerns medical debt that Plaintiff Christopher Mooneyham discovered on his consumer credit report in connection with applying for a loan for the purchase of home for him and his wife. Studies show that one out of three Americans have medical debts on the credit

reports. For many consumers, these debts come as a complete surprise.

3. Mr. Mooneyham contacted three defendant debt collectors in order to get details about the debts and to find out how to get the debts removed from his credit report. Defendants CMRE Financial Services, Inc. ("CMRE") and Credit Solutions, LLC ("Credit Solutions") told Mr. Mooneyham that the debts were not his but rather his wife's debts. It appears that the debts furnished by GLA Collection Co., Inc. ("GLA") are Mr. Mooneyham's debts.

4. When Mr. Mooneyham tried to pay the two debts appearing on his credit report, GLA refused to take the full face amount of the debt. Instead, GLA informed him that the debts were subject to accrued interest of either 8.00% per annum or an usurious 18% per annum. Upon information and belief, GLA had no legal right to assess and accrue interest on any of the debts appearing on Mr. Mooneyham's consumer credit report.

5. CMRE and Credit Solutions violated the FDCPA by furnishing false negative credit information to consumer reporting agencies that Mr. Mooneyham did not owe. GLA violated the FDCPA by assessing and accruing interest that neither GLA nor the original creditor had any legal right to collect.

## JURISDICTION

6. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Barren County, Ky., which is located within this District.

## PARTIES

7. Plaintiff Christopher Mooneyham is a natural person who resides in Barren County, Ky. Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

8. Defendant GLA Collection Co., Inc. ("GLA") is a third-party debt collector, whose principal office is located at 2630 Gleeson Ln., Louisville, KY 40299.

9. GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

10. Defendant CMRE Financial Services, Inc. ("CMRE") is a foreign corporation with its principal place of business located at 3075 E. Imperial Highway, Suite 200, Brea, CA 92821. CMRE has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth, and/or collecting debts on behalf of other creditors and debt collectors.

11. CMRE regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by

15 U.S.C. § 1692a(6), and a "furnisher" of information within the meaning of the FCRA.

12. Defendant Credit Solutions, LLC ("Credit Solutions") is a domestic limited liability company, which is registered with the Kentucky Secretary of State, with its principal place of business located at 2277 Thunderstick Dr., Suite 400, Lexington, KY 40505. Credit Solutions is engaged in the business of purchasing debt from creditors and collecting these debts in this state and/or collecting debts on behalf of other creditors and debt collectors.

13. Credit Solutions is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6), and a "furnisher" of information within the meaning of the FCRA.

## STATEMENT OF FACTS

14. Mr. Mooneyham and his wife have longed dreamed of buying their own home.

15. Like almost all of their other fellow Americans, the Mooneyhams cannot afford to pay cash for a home. Rather, they must borrow part of the purchase price from a lender or bank.

16. Review of a credit report is an important first step in applying for and qualifying for a loan.

17. Mr. Mooneyham recently reviewed his consumer credit information from www.creditkarma.com.

18. Trans Union, LLC runs the Credit Karma website.

19. The credit information provided on the Credit Karma website comes directly from Trans Union, LLC.

20. Mr. Mooneyham's credit information from Credit Karma included negative credit information furnished by CMRE, Credit Solutions, and GLA in connection with various medical debts.

21. Mr. Mooneyham first learned about all the above debts when he reviewed his consumer credit information from Credit Karma.

22. Medical debt is inherently non-liquidated.

23. The negative credit information furnished by CMRE, Credit Solutions, and GLA all concerned medical debt incurred for Mr. Mooneyham's wife, Ms. Mooneyham's children, or Mr. Mooneyham which means that all of the debts were "incurred primarily for personal, family, or household purposes, and [each is] a 'debt' as defined by the FDCPA at 15 U.S.C. § 1692a(5)." *Morgan v. Credit Adjustment Bd.*, 999 F. Supp. 803, 806 (E.D. Va. 1998); see also *Campion v. Credit Bureau Servs.*, 2000 U.S. Dist. LEXIS 20233, 19, 2000 WL 33255504 (E.D. Wash. Sept. 19, 2000).

24. CMRE furnished negative credit information concerning four debts with the following open dates and alleged amounts due: August 19, 2009 and $195.00; August 19, 2009 and $193.00; July 22, 2010 and $254.00; and August 24, 2010 and $174.00.

25. Credit Solutions furnished negative credit information concerning two debts with the following open dates and alleged amounts due: May 12, 2010 and $251.00; and June 9, 2010 and $505.00.

26. GLA furnished negative credit information concerning two debts concerning the following creditors, open dates, and alleged amounts due: Kentucky Medical Services, March 19, 2010, and $156.00; and Central Kentucky Radiology, August 3, 2009, and $270.

27. Mr. Moooneyham contacted CMRE, Credit Solutions, and GLA in order to gather information about these debts.

28. CMRE and Credit Solutions both informed Mr. Mooneyham that all these debts were incurred by his wife and that his wife was solely responsible for the payment of these debts.

29. GLA provided information to Mr. Mooneyham that allowed him to identify the medical debts as being debts that he owed.

30. Mr. Mooneyham offered to pay each of the GLA debts in full.

31. GLA refused full payment of the debts.

32. Rather, GLA insisted that he Mr. Mooneyham pay accrued interest on each debt.

33. According to GLA, the Central Kentucky Radiology debt was subject to 18% per annum compounded daily.

34. According to GLA, as of December 4, 2014, Mr. Mooneyham owed $706.68 on the $270.00 debt to Central Kentucky Radiology.

35. According to GLA, the debt to Kentucky Medical Services was subject to 8.00% per annum.

36. The 18% per annum compounded by GLA on the Central Kentucky Radiology debt is usurious and unlawful under Kentucky law.

37. Upon information and belief, the 8.00% per annum interest on the Kentucky Medical Services debt was the result of GLA's application of interest at the legal rate under KRS 360.010.

38. Upon information and belief, GLA began assessing and accruing interest on both the Central Kentucky Radiology and Kentucky Medical Services debts before demanding payment of the debts or otherwise notifying him that it was collecting these debts.

39. Neither GLA nor Kentucky Medical Services has sued Mr. Mooneyham to collect the $156.00 debt opened by GLA on March 19, 2010.

40. GLA had no contractual or statutory right to assess and accrue interest on the Kentucky Medical Services debt as demanded of Mr. Mooneyham.

41. CMRE and Credit Solutions violated the FDCPA by attempting to collect a debt from Mr. Mooneyham that he does not owe, falsely representing that Mr. Mooneyham owes a debt that he does not owe, and furnishing false negative credit information concerning Mr. Mooneyham and debts he does not owe to one or more consumer reporting agencies.

42. GLA violated the FDCPA by assessing and accruing illegal usurious interest on a debt owed by Mr. Mooneyham, assessing and accruing interest on a debt owed by Mr. Mooneyham that it did not have a contractual or statutory right to assess and accrue, and by falsely representing the amount of debts owed by Mr. Mooneyham by including accrued interest in the debts that GLA had no legal right to assess and accrue.

## CLAIMS FOR RELIEF

### I. Claims against GLA Collection Co., Inc.

43. ¶¶1-42 above are hereby incorporated and set forth as if fully stated herein.

44. The foregoing actions of GLA constitute multiple violations of the FDCPA including but not limited to 15 U.S.C. §§ 1692e and 1692f and one or more subsections of each statute.

### II. Claims against CMRE Financial Services, Inc.

45. ¶¶1-42 above are hereby incorporated and set forth as if fully stated herein.

46. The foregoing actions of CMRE constitute multiple violations of the FDCPA including but not limited to 15 U.S.C. §§ 1692e and 1692f and one or more subsections of each statute.

### III. Claims against Credit Solutions, LLC

47. ¶¶1-42 above are hereby incorporated and set forth as if fully stated herein.

48. The foregoing actions of Credit Solutions constitute multiple violations of the FDCPA including but not limited to 15 U.S.C. §§ 1692e and 1692f and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Mooneyham requests the Court grant him relief as follows:

a. Award Plaintiff actual damages against each Defendant;

b. Award Plaintiff maximum statutory damages against each Defendant;

c. Award Plaintiff reasonable attorney's fees and costs;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com