UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:14-CV-179-GNS-HBB

CHRISTOPHER MOONEYHAM                                                                                      PLAINTIFF

v.

GLA COLLECTION CO., INC. and
CMRE FINANCIAL SERVICES, INC.                                                                          DEFENDANTS

## **MEMORANDUM OPINION & ORDER**

Defendant CMRE Financial Services, Inc. ("CMRE") has moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), asserting the claims against it are barred by the applicable statute of limitations. (CMRE's Mot. to Dismiss, DN 15). The parties present a question of law left expressly unanswered in the Sixth Circuit. Because the Court finds equitable tolling appropriate in this context, however, no ruling on the discovery rule's applicability to the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, is necessary. CMRE's Motion to Dismiss (DN 15) is **DENIED**.

### I.   STATEMENT OF FACTS AND CLAIMS

Pursuant to Rule 12(b)(6), this ruling assumes the truth of all facts alleged in the Complaint, which claims that Plaintiff Christopher Mooneyham ("Mooneyham") first became aware of medical debt on his credit report when he was preparing to purchase a home. In reviewing his credit report, Mooneyham discovered listings for medical debt furnished by two "debt collectors" as defined by the FDCPA.

One debt collector, GLA Collection Co., Inc. ("GLA"), furnished information on debts attributable to Mooneyham individually in 2009 and 2010. When Mooneyham tried to pay GLA the face amount of the debt, he was told of interest charges to which the debt was purportedly

1

subject. These interest charges, GLA informed him, ranged from 8% to 18% annually. Mooneyham claims these interest charges violate state law, and thus their assertion in 2014 violates the FDCPA.

The movant, CMRE, furnished information in 2009 and 2010 concerning four debts. When contacted, CMRE informed Mooneyham that its debt was the sole responsibility of his wife. Mooneyham contends this was a false representation in violation of the FDCPA.

Mooneyham filed suit on December 17, 2014, within a month of his conversations with GLA and CMRE. He alleges both violated Section 1692e of the FDCPA relating to false representations and Section 1692f relating to unfair practices. GLA answered the Complaint on January 22, 2015, asserting the statute of limitations as one of its defenses. (GLA's Answer ¶ 32, DN 14). In lieu of answering the Complaint, on February 6, 2015, CMRE filed this motion to dismiss, asserting the same defense. (CMRE's Mot. to Dismiss, DN 15). The allegations against both remaining defendants allege identical statutory violations, but defendants are not identically situated. Mooneyham claims GLA violated the FDCPA in asserting prohibited interest charges. These assertions, made in November 2014, bring that claim against GLA clearly within the statute of limitations. Mooneyham's claims against CMRE occurred earlier, outside the limitations period. Thus, this ruling addresses the statute of limitations only as applied to CMRE.

## II.     JURISDICTION

As Plaintiff presents a claim under the FDCPA, 15 U.S.C. §§ 1692-1692p, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. 15 U.S.C. § 1692k provides for civil liability for specified violations of the FDCPA.

### III. STANDARD

Motions pursuant to Rule 12(b)(6) are reviewed under a lenient standard. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993) (citation omitted). While courts are free to make judgments of law with dispositive effect, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer*, 988 F.2d at 638 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Accordingly, in ruling on motions to dismiss pursuant to Rule 12(b)(6), all factual allegations in a complaint are accepted as true.

Nonetheless, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted) (citation omitted). Fed. R. Civ. P. 9(b) requires pleading fraud with particularity. *Wilson v. HSBC Bank, N.A.*, 594 F. App'x 852, 858 (6th Cir. 2014). The particularity requirement includes allegations of fraud in violation of the FDCPA. *Gulley v. Pierce & Assocs., P.C.*, 436 F. App'x 662, 664 (7th Cir. 2011) (citation omitted).

### IV. DISCUSSION

The FDCPA mandates civil actions be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Mooneyham alleges CMRE "violated the FDCPA by attempting to collect a debt . . . not owe[d], falsely representing that . . . debt, and furnishing false negative credit information . . . to one or more consumer reporting agencies." (Compl. ¶ 41, DN 1). He alleges CMRE furnished the information concerning these four debts on August 19,

2009; August, 19 2009; July 22, 2010; and August 24, 2010. (Compl. ¶ 24). When contacted in 2014, however, CMRE correctly identified the debt as belonging to Mooneyham's wife. (Compl. ¶ 28). Mooneyham does not appear to allege this 2014 communication violated the FDCPA. The provision of furnishing of inaccurate information (constituting both a collection activity and false representation according to Plaintiff), allegedly occurred in 2009 and 2010. (Compl. ¶ 41). Based upon these allegations, Plaintiff's assertion of these claims is untimely.

Mooneyham contends his filing was timely under the "discovery rule." The common law in many states, and in certain circumstances federal common law, recognizes the discovery rule under which a cause of action accrues not when an injury occurs but when that injury is discovered. *See* Charles Alan Wright, *et al.*, 4 Fed. Prac. & Proc. Civ. § 1056 (3d ed. 2014). "A cause of action 'is deemed to be discovered when, in the exercise of reasonable diligence, it could have been discovered.'" *Goodson v. Bank of Am., N.A.*, No. 14-5419, 2015 WL 364045, at *6 (6th Cir. Jan. 28, 2015) (quoting *Gabelli v. SEC*, 133 S. Ct. 1216, 1221 (2013)). This is variously described as either tolling the statute of limitations or delaying the date of accrual so as to permit a cause of action. *See* Wright, *supra*, § 1056. As a matter of federal common law, the application of the discovery rule in FDCPA actions has been left explicitly unanswered in the Sixth Circuit. *Ruth v. Unifund CCR Partners*, 604 F.3d 908, 914 (6th Cir. 2010) ("We need not decide whether the FDCPA incorporates a discovery rule."). Mooneyham urges this Court to join others in recognizing the rule in this context. CMRE argues the statute itself, both its legislative history and its language along with the Supreme Court and Sixth Circuit precedent dictate otherwise.

> A. **The discovery rule's applicability to FDCPA actions, absent fraud, is undecided in the Sixth Circuit.**

Both parties cite the same Supreme Court case in support of their arguments: *TRW, Inc. v. Andrews*, 534 U.S. 19 (2001), which involved a credit reporting agency which revealed credit information at the request of an identity thief. The lawsuit was brought when the victim attempted to refinance her home and learned of the misreporting after the applicable limitations period. The Supreme Court found the action was time-barred because the statute clearly evinced Congressional intent to preclude the discovery rule. The Court observed, however, that "lower federal courts generally apply a discovery accrual rule when a statute is silent on the issue." (Pl.'s Resp. to CMRE's Mot. to Dismiss 4, DN 16 (citing *TRW, Inc.* 534 U.S. at 27) (internal quotation mark omitted)). The Ninth Circuit decision under review had held the discovery rule should be incorporated into statutes "unless Congress has expressly legislated otherwise." *TRW, Inc.*, 534 U.S. at 27 (internal quotation marks omitted) (citation omitted). The U.S. Supreme Court reversed, stating that "[t]o the extent such a presumption exists, **a matter this case does not oblige us to decide**, the Ninth Circuit conspicuously overstated its scope and force." *Id.* (emphasis added).

Both CMRE and Mooneyham exaggerate the Court's language to their own ends. The U.S. Supreme Court found "that the text and structure of [the statute] evince[d] Congress' intent to preclude judicial implication of a discovery rule." *TRW, Inc.*, 534 U.S. at 28. Despite a spirited concurrence, the majority opinion of the Supreme Court declined to rule out a presumptive discovery rule, merely holding that in the context of that case that the Fair Credit Reporting Act ("FCRA"), the statute's text and context clearly specified otherwise. *Accord Langendorfer v. Kaufman*, No. 1:10-CV-00797, 2011 WL 3682775, at *4 (S.D. Ohio Aug. 23, 2011) ("*TRW* does not foreclose a general discovery rule to FDCPA cases.").

Justice Scalia's *TRW, Inc.* dissent emphasized that the discovery rule developed in a fraud context. *TRW, Inc.* 534 U.S. at 37. Chief Justice Roberts later explained:

> The doctrine arose in 18th-century fraud cases as an "exception" to the standard rule, based on the recognition that something different was needed in the case of fraud, where a defendant's deceptive conduct may prevent a plaintiff from even *knowing* that he or she has been defrauded. This Court has held that "where a plaintiff has been injured by fraud and 'remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered.'"

*Gabelli*, 133 S. Ct. at 1221 (internal quotation marks omitted) (citations omitted). Within the fraud context, Sixth Circuit precedent suggests the discovery rule's applicability to FDCPA actions. *See Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 258-59 (6th Cir. 2014) ("Tolling doctrines such as . . . the discovery rule exist to address such situations."). Absent fraud, the Sixth Circuit has neither expressly endorsed nor rejected the discovery rule. In *Goodson v. Bank of America, N.A.*, a district court in Tennessee found the discovery rule misplaced outside fraud. *Goodson v. Bank of Am., N.A.*, No. 1:12-00065, 2014 WL 940492, at *2-3 (M.D. Tenn. Mar. 10, 2014). In affirming on other grounds, the Sixth Circuit avoided ruling on the applicability of the discovery rule and noted that "[a]ssuming *arguendo* that [the Plaintiff] properly raised the discovery rule and equitable tolling doctrines, neither applies . . . because she could have discovered [the violation], in the exercise of reasonable diligence . . . ." *Goodson*, 2015 WL 364045, at *6. The applicability of the discovery rule to FDCPA violations absent fraud remains open in the Sixth Circuit.

CMRE argues the holding in *Tyler v. DH Capital Management, Inc.*, 736 F.3d 455 (6th Cir. 2013), precludes application of the discovery rule to the FDCPA. (Reply in Supp. of CMRE's Mot. to Dismiss 8-11, DN 21). The holding therein, however, is inapposite. *Tyler* dealt with a FDCPA violation involving whether an improper litigation attempt to collect a debt accrued at the time of filing of the improper suit or upon service of process. Because the Court

6

found the violation occurred at filing, the claim was properly included in the subject bankruptcy estate. CMRE argues *Tyler* invalidates several cases on which Mooneyham relies,[1] including the only district court cases that were not guided by precedent binding on that court.[2] Those cited cases all examined whether the statute of limitations began to run at the filing of an improper action or at service of process. CMRE, however, ignores *Tyler*'s instruction that claim "accrual for the purposes of § 541[—which defines what property is part of a bankruptcy estate—]is different from accrual for statute-of-limitations purposes." *Tyler*, 736 F.3d at 463 (citing *State Farm Life Ins. Co. v. Swift*, 129 F.3d 792, 798 (5th Cir. 1997)). In fact, the Court explicitly rejected reliance on authority dealing with in the statute of limitations issues. *Id.* Thus, *Tyler* clarifies that it is not determinative for claims accrual purposes involving statutes of limitation. That said, the Sixth Circuit has left open the applicability of the discovery rule to actions brought under the FDCPA.

### B. Mooneyham should not be charged with constructive knowledge of information in credit report.

CMRE argues overt government support for free credit checks negates the need for the discovery rule.[3] (Reply in Supp. of CMRE's Mot. to Dismiss 11-12). Implicit in this argument is the idea that consumers should be charged with constructive knowledge of the information contained in their credit reports. Charged with constructive knowledge, the discovery rule would

---

[1] Mooneyham cites *Langendorfer*, 2011 WL 3682775; *Andrade v. Erin Capital Mgmt. LLC*, No. 09-21186-CIV, 2010 WL 1961843, at *1 (S.D. Fla. May 17, 2010); and *Perez v. Bureaus Inv. Grp. No. II, LLC*, No. 1:09-CV-20784, 2009 WL 1973476 (S.D. Fla. July 8, 2009).

[2] Mooneyham also cites *In re Humes*, 468 B.R. 346, 356 (Bankr. E.D. Ark. 2011) (statute of limitations issue decided under Eighth Circuit's standard from *Mattson v. U.S. West Communications*, 967 F. 259 (8th Cir. 1992)) and *Greenfield v. Kluever & Platt, LLC*, No. 09 C 3576, 2010 WL 604830, at *2 (N.D. Ill. Feb. 16, 2010) (statute of limitations issue decided in reliance on *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446 (7th Cir. 1990)).

[3] Mooneyham cites to federal law requiring "nationwide consumer reporting agencies" to make available free credit reports to consumers upon request. (Reply to CMRE's Mot. to Dismiss 11).

not save these claims from the statute of limitations because the discovery rule sets the date of claim accrual when the plaintiff "discovered, or ha[s] failed in reasonable diligence to discover" the violation. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946) (citations omitted).

This Court does not believe consumers should be charged with constructive knowledge of the information in their credit reports for FDCPA violations for two reasons. First, such constructive knowledge seems contrary to the standard applied to other provisions of the FDCPA to identify violations. Courts evaluate conduct purportedly in violation of the FDCPA under a "least sophisticated consumer" standard. *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008). "This standard ensures that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id*. (internal quotation marks omitted) (citation omitted). Charging all consumers with notice of their credit report appears entirely inconsistent with the least sophisticated consumer standard. CMRE argues Government attempts to encourage consumers to check their credit reports annually weakens the rationale for any discovery rule because the government has already created mechanisms through which consumers might discover inaccurate information. (Reply to CMRE's Mot. to Dismiss 11-12, DN 21). This may be true, but government attempts to encourage consumers is as much evidence that the average consumer, much less the "least sophisticated," fails to utilize available resources as it is evidence that further protections are unneeded.

Second, courts generally do not charge consumers with knowledge of information in their credit report. The Fifth Circuit charged a consumer with constructive knowledge of a FDCPA violation for purposes of the discovery rule, but only where the consumer had actually requested the report, had received collections notices, and was receiving phone calls from bills collectors. *Wagner v. BellSouth Telecomms., Inc.*, 520 F. App'x 295, 298 (5th Cir. 2013). A sister court in

8

this district refused to charge a FCRA claimant with constructive knowledge of their credit report. *McAnly v. Middleton & Reutlinger, P.S.C.*, 77 F. Supp. 2d 810, 814 (W.D. Ky. 1999).[4] Given the guidance of this precedent and the principles underlying the FDCPA, this Court finds it incongruous to charge Mooneyham with that knowledge here. *See also Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004) (relying upon the date the credit report was received to find claim outside FDCPA limitations period).

   C. **Equitable tolling is available whether or not the discovery rule is available.**

  Mooneyham argues the discovery rule should be applied to save his claim. Despite the Sixth Circuit's reticence, he argues, precedent supports the rule's application. He further argues the rule is appropriate where "false credit information about a consumer [is reported] on the consumer's credit report[,]" particularly where that credit information is "medical debt." (Pl.'s Resp. to CMRE's Mot. to Dismiss 6-10, DN 16). The Court finds this argument more appropriate to equitable tolling than a general discovery rule.

  Equitable tolling and the discovery rule are undeniably related doctrines. Mechanically, the differences between the two lie in the manner in which a statute of limitations defense is avoided. The discovery rule, traditionally applied when fraud hinders discovery of injury, prevents the accrual of a claim until the date on which the injury is discovered. Equitable tolling, by contrast, merely exempts certain time periods from the application of the statute without affecting the date of accrual. Judge Posner explains;

> Equitable tolling is frequently confused both with fraudulent concealment on the one hand and with the discovery rule . . . on the other. It differs from the former in that it does not assume a wrongful—or any—effort by the defendant to prevent the plaintiff from suing. It differs from the latter in that the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run;

---

[4] This ruling preceded the U.S. Supreme Court's ruling in *TRW, Inc.* that the discovery rule did not apply to FCRA claims.

>but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant.

*Cada*, 920 F.2d at 451. While often discussed in parallel because of their similar effect, the doctrines are distinct. *Stewart v. Bureaus Inv. Grp. No. 1, LLC*, No. 3:10-CV-1019-WKW, 2014 WL 2462883 (M.D. Ala. June 2, 2014) (concluding that the discovery rule did not apply to the FDCPA but equitable tolling may); *Accord Goodson*, 2015 WL 364045, at *1 (noting that "[b]ecause neither the discovery rule nor equitable tolling applies . . . ."); *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459 (6th Cir. 2013) (stating that the discovery rule is unavailable under applicable Ohio law but equitable tolling might be).

Equitable tolling is more appropriate than the discovery rule in the present instance. As the Seventh Circuit explained, the discovery rule assumes a defendant has taken action—often fraudulent action—to conceal the injury. That is not the case here. Assuming the truth of Plaintiff's allegations, there is no assertion that the act of reporting Mooneyham's wife's debt to a credit agency constituted fraud. There is no allegation that CMRE concealed the credit report or otherwise concealed the violation. The debt may have been improperly attributed or reported, and its reporting may have been in violation of the FDCPA, but CMRE took no affirmative action to prevent its discovery.

Furthermore, the discovery rule's availability in FDCPA claims remains questionable in this Circuit. Of the two circuits that have endorsed the discovery rule in FDCPA actions, only one has applied it outside the fraud context. *Compare Lembach v. Bierman*, 528 F. App'x 297, 302 (4th Cir. 2013) (endorsing discovery rule where fraud concealed discovery); *with Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009) (finding discovery rule applied to FDCPA actions generally). The discovery rule's blanket application to FDCPA actions could have unintended and ill-advised consequences, not to mention being arguably contrary to

Congressional intent. Equitable tolling's availability, however, renders unnecessary a ruling on a general discovery rule's applicability in this case.

As with the discovery rule, the Sixth Circuit remains silent on equitable tolling's applicability to the FDCPA. *Ruth*, 604 F.3d at 914. Unlike the discovery rule, the Supreme Court seems to assume equitable tolling may be presumptively applied. The Court has stated that federal limitations periods "are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." *Young v. United States*, 535 U.S. 43, 49 (2002) (citations omitted). This includes application outside pleading errors and fraud. *Id.* at 50. This mandate is not dissimilar to the Court's mandate that the discovery rule may not be applied when "the text and structure [of the statute] evince Congress' intent to preclude judicial implication of a discovery rule." *TRW, Inc.*, 534 U.S. at 28. Despite the similar standards, the mechanical differences distinguishing the doctrines command different application to the FDCPA.

The text and structure of the FDCPA may preclude application of the discovery rule but allows for equitable tolling. The text of the FDCPA limitations provision provides:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k. The statute ties the date of accrual to the date on which the violation occurs. Plaintiff's allegations put the date of CMRE's violation, when they reported the debt to the credit reporting agency, in 2009 and 2010. Delaying the date of accrual, as the discovery rule would do, is thus arguably inconsistent with this statute. The statute's text is, however, consistent with equitable tolling. The statute mandates that the violation starts the limitations period. Equitable tolling does not change the date of accrual, instead exempting certain time periods when calculating the limitations period.

11

While not necessarily relying on this textual rationale, several district courts within the Sixth Circuit have found equitable tolling applicable to the FDCPA. *See Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783, 799 (S.D. Ohio 2006); *Zigdon v. LVNV Funding, LLC*, No. 1:09CV0050, 2010 WL 1838637, at *6 (N.D. Ohio Apr. 23, 2010); *Simmons v. BAC Home Loans Servicing, LP*, No. 3:14-0761, 2014 WL 3844788, at *4 (M.D. Tenn. Aug. 5, 2014) (finding tolling unavailable on the facts, but assuming its availability to FDCPA claims); *Castleberry v. Neumann Law P.C.*, No. 1:07-CV-856, 2008 WL 5744179, at *8 (W.D. Mich. July 9, 2008) (assuming equitable tolling available). Finding the text of the statute consistent with the application of equitable tolling, this Court follows custom in finding equitable tolling available in FDCPA actions.

D. **Equitable tolling is appropriate to Mooneyham's claim against CMRE.**

Mooneyham's filings never differentiate between equitable tolling and the discovery rule, nor for that matter mentions equitable tolling at all. Mooneyham's arguments, however, make clear that this is the doctrine to which he appeals. "In most cases in which equitable tolling is invoked, the statute of limitations has run *before* the plaintiff obtained information essential to deciding whether he had a claim." *Cada*, 920 F.2d at 453 (emphasis in original). While Mooneyham makes no claim that CMRE's act of reporting a debt to the collection agency was fraudulent or that CMRE took active steps to conceal any misdeed, he alleges the only actions CMRE took with respect to the debt was to report it. (Compl. ¶ 24). Mooneyham does not allege, nor does CMRE argue, any other actions were taken to collect this (allegedly false) debt. Without other actions taken, Mooneyham was not alerted nor prompted to investigate whether the claims on his credit report were accurate. Without fraud, active concealment, or a self-concealing violation, equitable tolling is the more appropriate doctrine.

The doctrine of equitable tolling, however, is not applied haphazardly. It "is available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir.1989). A plaintiff bears the burden to demonstrate equity so requires. *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir.2004). The Sixth Circuit has identified five factors that should be considered:

> (1) lack of notice of the filing requirement, (2) lack of constructive knowledge of the filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."

*Chavez v. Carranza,* 559 F.3d 486, 492 (6th Cir. 2009) (citation omitted). Not all of these considerations may be material in every case, nor is the list exhaustive. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). Equitable tolling is necessarily a case-by-case determination. *Id.*

The first two of these factors favor the application of equitable tolling based on the Court's conclusion that Mooneyham should not be charged with constructive knowledge of the information in his credit report. These two factors collapse in this context, as knowledge of the statute of limitations (notice of filing requirement) would only be relevant after Mooneyham received the information necessary to determine he had a claim, when he received his credit report and is charged with constructive notice of the limitations period. As discussed above, charging Mooneyham with knowledge of his credit report before he had reason to check it is unreasonable in light of the FDCPA's purpose. It follows that these factors favor the application of equitable tolling.

This conclusion also implicates the third and fifth factors, Mooneyham's diligence in pursuing his rights and his reasonableness in remaining unaware of the claim. This Court's refusal to charge Mooneyham with constructive knowledge is partly based on the recognition

13

that most consumers, including many reasonable ones, do not check their credit reports on an annual basis. Until such consumers are given cause for concern, they have no need to do so. Mooneyham alleges he was in the process of obtaining financing to purchase a new home when he discovered the credit anomalies. (Compl. ¶¶ 14-21). He then promptly checked his credit report and contacted the relevant debt collectors. (Compl. ¶¶ 17, 27). His complaint specifies only that he reviewed his credit report "recently"; his Response provides the conversations were within a month of filing this action, which demonstrates diligence in pursuing his rights. (Compl. ¶ 17; Pl.'s Resp. to CMRE's Mot. to Dismiss 1, DN 16).

Despite these factors, there is prejudice to CMRE. On a practical level, employees involved in the actions disputed here may or may not remain employed by CMRE several years later, and if they are may have little memory of any decision process. Lacking such evidence, proving the FDCPA's "bona fide error" defense, should CMRE assert it, would be more difficult. *See* 15 U.S.C. § 1692k(c) (containing a defense for bona fide errors). Taken with the foregoing factors, however, the purpose of the FDCPA outweighs prejudice to the defendant in the application of equitable tolling. The FDCPA's purpose is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The focus is thus on the activities of debt collectors. Without the application of equitable tolling, the responsibility to ensure only proper debts are sent to credit reporting agencies would be transferred to the debtor after one year. Even had Mooneyham checked his credit report annually, as CMRE argues he should have, it would have been possible to miss the limitations deadline. Without equitable tolling, reporting false debt in violation of the FDCPA would likely be unavailable to consumers who failed to systematically check their credit reports. This seems contrary to the purposes of the FDCPA.

While failure to methodically check one's credit report may not be unusual, the confluence of factors here is. In the present circumstances, Mooneyham had no reason to know of the misreporting of a medical debt because there was no action taken to collect the debt which would have undoubtedly alerted him to the invalid claim. Mooneyham was neither sleeping on his rights, unreasonable in his delayed realization of those rights, nor did he delay after learning of the false credit report. Under these facts, the statute of limitations is equitably tolled until the date on which his credit report was reviewed. Plaintiff's Complaint puts this date "recently," and the defendants have not argued otherwise. His filing on December 17, 2014, is thus timely.

## V.     CONCLUSION

The Court finds the doctrine of equitable tolling available under the FDCPA. Because Mooneyham has properly alleged facts to warrant its application, CMRE's Motion to Dismiss is **DENIED**.

Greg N. Stivers, Judge
United States District Court

June 8, 2015

cc:     counsel of record